UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK　　　　　　　　　　　　(For Online Publication Only)
----------------------------------------------------------------------X
UNITED STATES OF AMERICA,

                                   Plaintiff,        **MEMORANDUM & ORDER**
                                                                 16-cr-00530 (JMA)

           -against-

JAMES ROGERS,

                              Defendant.
----------------------------------------------------------------------X

**AZRACK, United States District Judge:**

      James Rogers ("Defendant"), currently incarcerated at the Coleman I United States Penitentiary in Sumter County, Florida, filed a pro se motion for "re-sentencing" in light of the Supreme Court's recent decision in Lora v. United States, 599 U.S. 453 (2023). (ECF No. 57.) But Defendant's self-styled motion does not articulate any basis for the relief he seeks. The threshold question before the Court is, therefore, how to properly characterize the instant motion.

      The relief Defendant seeks should be pursued under 28 U.S.C. § 2255. The Court cannot, however, construe Defendant's motion as a habeas petition without first providing him an Adams warning and affording him the opportunity to withdraw his motion, rather than having it so re-characterized.

      Accordingly, Defendant is granted thirty (30) days to inform the Court whether he objects to characterizing his motion as a petition brought pursuant to § 2255, or if he instead seeks to withdraw his motion. Defendant is advised that if he chooses to have his motion construed as a § 2255 petition, he may be precluded from further habeas review should he seek to file another petition in the future.

FILED
CLERK

4:10 pm, Feb 28, 2024

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

## I. BACKGROUND

### A. Facts & Procedural History.

Defendant moves to reduce his sentence in a two-paged, hand-written submission. (See ECF No. 57.) The Government's response alleges the following facts, which the Court recounts only to provide context for the relief Defendant seeks in this action. (See ECF No. 58.)

On August 30, 2016, Magistrate Judge Steven I. Locke issued an arrest warrant for Defendant based on a Complaint and Affidavit that charged him with a Hobbs Act robbery conspiracy between August 2015 and December 2015. (See ECF No. 2.) During that timeframe, Defendant had conspired with others to commit at least 15 gun-point robberies of commercial retail establishments in Nassau and Suffolk Counties. (See ECF No. 1.) On September 12, 2016, Defendant was arrested on the warrant and made an initial appearance before Magistrate Judge Anne Y. Shields. (See ECF No. 4.) On October 12, 2016, a grand jury sitting in Central Islip, New York returned an eleven-count indictment charging Defendant with: Hobbs Act robbery conspiracy (Count One); five Hobbs Act robberies (Counts Two through Six); and five counts of brandishing a firearm during a crime of violence—i.e., the substantive charged Hobbs Act robberies (Counts Seven through Eleven). (See ECF No. 8.)

On April 6, 2017, Defendant pleaded guilty to a conspiracy to commit the Hobbs Act robberies under 18 U.S.C. §§ 1951(a) and 3551, et seq. (Count One) and to brandishing a firearm during one of the charged gun-point robberies under 18 U.S.C. §§ 924(c)(1)(A)(i), 924(c)(1)(A)(ii), and 3551 et seq. (Count Seven).[1] (See ECF No. 19.) In his plea agreement, Defendant stipulated to the Government's Sentencing Guidelines calculations and agreed not to appeal—or otherwise collaterally attack—his conviction and sentence, so long as he was sentenced

---

[1] At the time of Defendant's guilty plea, the criminal case was assigned to the Honorable Joseph F. Bianco, then a United States District Judge for the Eastern District of New York. Prior to sentencing, and upon Judge Bianco's elevation to the United States Court of Appeals for the Second Circuit, this case was reassigned to the Honorable Denis R. Hurley, United States District Judge for the Eastern District of New York.

to a term of imprisonment of 209 months or less. (See ECF No. 58.) On November 14, 2019, Judge Hurley sentenced Defendant to an aggregate term of 184 months imprisonment. (See ECF No. 41.)

On May 5, 2020—approximately six months later—Defendant submitted a request for a "reduction in sentence" to the Warden of his BOP facility due to concerns about the COVID-19 pandemic. (ECF No. 50, at 2.) On May 19, 2020, the Warden denied relief, indicating that Defendant did not provide "extraordinary and compelling reasons" to warrant such relief. (Id.) Around May 29, 2020, Defendant appealed the denial of his request and specifically mentioned his history of asthma as a basis for relief. (See id.) Around June 1, 2020, Defendant's appeal was denied. (See id.)

On October 29, 2020, Defendant moved for a sentencing reduction in this Court pursuant to 18 U.S.C. § 3582(c). (See ECF No. 49.) The Government opposed Defendant's motion on November 13, 2020, arguing—principally—that Defendant (i) could not show "extraordinary and compelling reasons" for relief under 18 U.S.C. § 3582(c)(1)(A)(i) and U.S.S.G § 1B1.13; and that (ii) even if he could, the 18 U.S.C. § 3553(a) factors that warranted the imposition of a 184 month sentence still held true and disfavored any sentencing reduction. (See ECF No. 50, at 3.) On December 29, 2020, Judge Hurley denied Defendant's motion for release from custody. (See ECF No. 55.) In relevant part, Judge Hurley held that Defendant did not demonstrate "extraordinary and compelling reasons" for his requested sentencing reduction, and even if he had, "consideration of the 3553 (a) factors d[id] not warrant granting his request." (Id. at 9.)

On November 27, 2023, Defendant filed the instant motion to reduce his sentence. (See ECF No. 57.)

3

## II.   DISCUSSION

A.   <u>**Characterizing Defendant's Motion.**</u>

Defendant is proceeding <u>pro se</u>, and his self-styled motion does not indicate any basis for the relief he seeks. The threshold question before the Court is, therefore, how to properly characterize the instant motion.

Defendant requests that the Court "consider re-sentencing [him]" in light of the Supreme Court's recent decision in <u>Lora v. United States</u>. (<u>See</u> ECF No. 57, at 1.) There, the Supreme Court held that 18 U.S.C. § 924(j)—a statutory provision not at issue in this case—"can run either concurrently with or consecutively to another sentence." 599 U.S. 453, 455 (2023). In terms of mechanics, Defendant asks the Court to "modif[y] [his] sentence to run concurrently rather can consecutively." (<u>Id</u>.) Defendant's chief argument is that the superseding Supreme Court precedent entitles him to backdate the concurrency of his 184-month sentence.[2] (<u>See id</u>.)

At bottom, Defendant challenges the imposition of his sentence. And so, Defendant's motion is properly construed as a habeas petition for relief under 28 U.S.C. § 2255. <u>See</u> <u>Flowers v. Fed. Bureau of Prisons</u>, 2020 WL 5633193, at *2 n.1 (S.D.N.Y. Sept. 21, 2020) (finding that a challenge to the Court's "determination as to whether the Federal Sentence should be served consecutively or concurrently" is properly construed as "a challenge to the imposition of a sentence that should be heard by the sentencing court"); <u>see also</u> <u>Allen v. United States</u>, 2023 WL 7110189, at *2 (Oct. 27, 2023) ("A challenge to the <u>imposition</u> of a sentence is properly made pursuant to 28 U.S.C. § 2255." (emphasis in original)); <u>Adams v. United States</u>, 372 F.3d 132, 134–35 (2d Cir. 2004) (holding "§ 2255 is the appropriate vehicle for a federal prisoner to challenge the <u>imposition</u> of his sentence" (emphasis in origional)).

---

[2]   It is axiomatic that this Court must "construe <u>pro se</u> pleadings liberally and interpret them 'to raise the strongest arguments they <u>suggest</u>.'" <u>Rahmankulov v. United States</u>, 2023 WL 3303949, at *1 (S.D.N.Y. May 8, 2023) (quoting <u>Triestman v. Fed. Bureau of Prisons</u>, 470 F.3d 471, 474 (2d Cir. 2006)) (emphasis in original) (internal quotation marks and citations omitted); <u>accord</u> <u>Kirkland v. Cablevision Sys.</u>, 760 F.3d 223, 224 (2d Cir. 2014).

B.     **28 U.S.C. § 2255(a).**

Section 2255 permits a prisoner in custody to move to vacate, set aside, or correct a federal sentence on "the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The petitioner may gain Section 2255 relief "only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'" United States v. Bokun, 73 F.3d 8, 12 (2d Cir. 1995) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)). Moreover, to "obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1982); see also Yick Man Mui v. United States, 614 F.3d 50, 53 (2d Cir. 2010).

In resolving a motion under § 2255, the district court must hold a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); see also Gonzalez v. United States, 722 F.3d 118, 130 (2d Cir. 2013). "To warrant a hearing, the motion must set forth specific facts supported by competent evidence, raising detailed and controverted issues of fact that, if proved at a hearing, would entitle him to relief." Gonzalez, 722 F.3d at 131. In this case, "[t]he combined submissions of the parties [would] provide a sufficient basis upon which to deny the [motion], and the Court concludes that a full testimonial evidentiary hearing would not offer any reasonable chance of altering its views on the facts alleged by [Defendant]." United States v. Roderique, 2024 WL 687425, at *3 (S.D.N.Y. Feb. 20, 2024) (citing Chang v. United States, 250 F.3d 79, 86 (2d Cir. 2001)). Therefore, an evidentiary hearing would not be necessary to resolve Defendant's motion. See Camacho v. United States, 2018 WL 357312, at *1 n.1 (S.D.N.Y. Jan. 10, 2018) ("[T]he petition

5

raises no factual dispute and can thus be resolved without a Government response and/or hearing.").

As explained below, the Court finds that the collateral attack waiver in Defendant's plea agreement would preclude a challenge to his sentence under Lora. The Court also finds that, even absent this waiver, Defendant's claims based on Lora would fail on the merits.

### 1. Even in the Face of Evolving Judicial Precedent, Defendant's Collateral Attack Waiver Would Be Enforceable.

"A defendant's knowing and voluntary waiver of the right to appeal or collaterally attack his conviction and/or sentence is [presumptively] enforceable." Sanford v. United States, 841 F.3d 578, 580 (2d Cir. 2016) (citing United States v. Gomez–Perez, 215 F.3d 315, 318 (2d Cir. 2000) (addressing waiver of appellate rights); Tellado v. United States, 745 F.3d 48 (2d Cir. 2014) (addressing collateral attack waiver)). "Such waivers must be enforced because, if they are not, 'the covenant . . . becomes meaningless and would cease to have value as a bargaining chip in the hands of defendants.'" Cook v. United States, 84 F.4th 118, 122 (2d Cir. 2022) (quoting United States v. Yemitan, 70 F.3d 746, 748 (2d Cir. 1995)). Although "plea agreements are to be applied 'narrowly' and construed 'strictly against the government,'" United States v. Hernandez, 242 F.3d 110, 113 (2d Cir. 2001) (quoting United States v. Tang, 214 F.3d 365, 368 (2d Cir. 2000)), exceptions to the presumption of the enforceability of a waiver "occupy a very circumscribed area of [the Second Circuit's] jurisprudence." United States v. Borden, 16 F.4th 351, 354–55 (2d Cir. 2021) (internal quotation marks omitted). The Second Circuit has recognized only five circumstances where it will not enforce a waiver: "(1) where the waiver was not made knowingly, voluntarily, and competently; (2) where the sentence was based on constitutionally impermissible factors, such as ethnic, racial[,] or other prohibited biases; (3) where the government breached the agreement containing the waiver; ... (4) where the district court failed to enunciate any rationale for the defendant's sentence," United States v. Burden, 860 F.3d 45, 51 (2d Cir. 2017) (internal

6

quotation marks omitted); and (5) where the waiver "was unsupported by consideration," United States v. Lutchman, 910 F.3d 33, 38 (2d Cir. 2018).

While the Second Circuit has not yet considered the precise question of whether collateral-attack waivers are enforceable in the wake of Lora, it has made clear that such waivers are generally enforceable in the face of "evolving judicial precedent." United States v. Morgan, 406 F.3d 135, 137 n.3 (2d Cir. 2005); see also Cook, 84 F.4th at 124. As the Circuit noted nearly two decades ago, and recently reaffirmed in Cook, "the possibility of a favorable change in the law after a plea is simply one of the risks that accompanies pleas and plea agreements." Id. at 137; see also Cook, 84 F.4th at 124. "This principle follows from the fact that plea agreements, like all contracts, allocate risk between the parties—and [courts] are not free to disturb the bargain the parties strike." Cook, 84 F.4th at 124.

The Second Circuit's decision in Sanford—in which the Circuit held that a defendant's waiver of his right to collaterally attack his sentence remained enforceable even where his sentence was based on a Guidelines provision later held to be unconstitutional—reinforces this point about the continuing viability of plea agreements. See 841 F.3d at 580. As in Sanford, this case involves a change in law that, in Defendant's view, governs his sentence. Even assuming that Defendant's sentence was affected by Lora (it is not, as explained below), the Second Circuit has held that "a defendant's inability to foresee a change in the law does not supply a basis for failing to enforce an appeal waiver. On the contrary, the possibility of a favorable change in the law after a plea is simply one of the risks that accompanies pleas and plea agreements." Sanford, 841 F.3d at 580 (cleaned up). "The enforceability of a collateral-attack waiver turns on whether the petitioner's plea was knowing and voluntary, not the nature of any subsequent legal developments." Cook, 84 F.4th at 124.

7

Accordingly, "[a]t bottom, a waiver of the right to bring a postconviction challenge is presumptively enforceable, even after the legal landscape shifts." Id. at 125. A defendant like James Rogers, "who wishes to maintain his right to collaterally attack his conviction in the event of unforeseen legal developments may, of course, attempt to negotiate more favorable waiver terms with the government before pleading guilty." Id. But where—as here—"the waiver itself is clear, unambiguous, knowingly and voluntarily entered, and supported by consideration—[i.e.,] the [G]overnment's agreement not to pursue charges or arguments that could have resulted in a much higher sentence—the terms of the plea agreements must be enforced." Id.

Accordingly, Defendant's § 2255 petition would be dismissed because his collateral attack waiver is enforceable. Moreover, even if the collateral attack waiver was not enforceable, Defendant's claim would fail on the merits.

### 2. Defendant's Motion Would Fail on the Merits.

The Supreme Court's decision in Lora provides Defendant no new relief. There, the Court held that a "sentence for a § 924(j) conviction . . . can run either concurrently with or consecutively to another sentence." Lora, 599 U.S. at 455. This holding, however, has no bearing on Defendant's claim or sentence. Section 924(j) defines an aggravated offense where "in the course of a violation of subsection (c)," a defendant "causes the death of a person through the use of a firearm." 18 U.S.C. § 924(j). But in the present case, Defendant did not cause the death of any gun-point robbery victims. And as such, Defendant was neither charged nor convicted under § 924(j). Accordingly, Lora does not provide Defendant with a basis for re-sentencing.

### C.     *Adams* Warning.

Although Defendant's motion seeks relief properly pursued through a habeas petition, the Court cannot, sua sponte, construe it as a § 2255 petition without Defendant's consent. See United States v. Lopez, 2020 WL 2063420, at *3 (E.D.N.Y. Apr. 29, 2020) (citing Adams v. United States,

8

155 F.3d 582, 584 (2d Cir. 1998) (per curiam)). This Court heeds the Second Circuit's caution against converting mislabeled applications into habeas petitions considering the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") § 106, 28 U.S.C. § 2244, which prohibits second or successive applications for habeas relief without leave of the Circuit Court. See Adams, 155 F.3d at 583–84. In Adams v. United States, the Second Circuit held that:

> district courts should not recharacterize a motion purportedly made under some other rule as a motion made under § 2255 unless (a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized.

Id. at 584.

The United States Supreme Court later ruled that:

> [i]n such circumstances the district court must notify the pro se litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has. If the court fails to do so, the motion cannot be considered to have become a § 2255 motion for purposes of applying to later motions the law's "second or successive" restrictions.

Castro v. United States, 540 U.S. 375, 383 (2003).

Accordingly, the Court hereby gives an "Adams" notice to Defendant. See Adams, 155 F.3d at 584. The relief Defendant seeks, a modification of his sentence under Lora v. United States, is based on 28 U.S.C. § 2255, and proceeding under § 2255 may be his only opportunity to seek habeas corpus relief challenging the imposition of his sentence. "Any subsequent . . . § 2255 motion filed by Defendant, wherein he challenges either the execution or imposition of his

9

abovementioned federal sentence, could be considered a 'second or successive' petition or motion under the AEDPA." Lopez, 2020 WL 2063420, at *4.

Pursuant to Adams, Defendant is granted the opportunity to withdraw his motion to protect that opportunity, or to file an amended petition setting forth all the habeas claims he believes he has. Defendant is granted thirty (30) days to indicate whether he intends to withdraw his motion rather than have it re-characterized as a petition for habeas relief. See, e.g., United States v. Lajud–Pena, 655 F. App'x 35, 37 (2d Cir. 2016) (remanding notice of appeal to convert into a § 2255 motion, after giving petitioner an opportunity to withdraw his notice). As discussed above, even if Defendant wanted to bring a petition pursuant to § 2255, it would be barred by his appellate waiver and on the merits.

### III.   CONCLUSION

Defendant is directed to comply with this Order as set forth above. Within thirty (30) days of the date of this Order, Defendant will inform the Court whether he objects to recharacterizing his motion as a petition brought pursuant to § 2255, or if he instead seeks to withdraw his motion. The Clerk of Court is respectfully directed to serve a copy of this Order on Defendant forthwith and note service on the docket.

**SO ORDERED.**

Dated:   February 28, 2024
         Central Islip, New York

                                                                          /s/ JMA
                                        JOAN M. AZRACK
                                        UNITED STATES DISTRICT JUDGE