UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                    For Online Publication Only
-----------------------------------------------------------------------X

UNITED STATES OF AMERICA,

                                        Plaintiff,          **MEMORANDUM & ORDER**
                                                           16-cr-00530 (JMA)

                -against-                                      **FILED**
                                                              **CLERK**

JAMES ROGERS,                                            4/13/2026 10:59 am

                                                        **U.S. DISTRICT COURT**
                                        Defendant.       **EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------X        **LONG ISLAND OFFICE**

**AZRACK, United States District Judge:**

On November 27, 2023, James Rogers ("Defendant"), proceeding pro se, filed a motion

for "re-sentencing" in light of the Supreme Court's 2023 decision in Lora v. United States, 599

U.S. 453 (2023). (See Motion, ECF No. 57 ("Mot.").) Defendant's motion does not articulate

any basis for the relief he seeks; however, for reasons explained below, the Court construes the

motion as a petition to vacate, set aside, or correct his conviction and sentence pursuant to 28

U.S.C. § 2255. So construed, for the reasons set forth below, Defendant's motion is DENIED.

## I.       BACKGROUND[1]

On April 6, 2017, Defendant pleaded guilty to one count of Hobbs Act robbery conspiracy

in violation under 18 U.S.C. §§ 1951(a) and 3551, et seq. ("Count One"), and one count of

brandishing a firearm in violation of 18 U.S.C. §§ 924(c)(1)(A)(i), 924(c)(1)(A)(ii), and 3551 et

seq. ("Count Seven").[2] (See Plea Minute Entry, ECF No. 19; Indictment, ECF No. 8.) In his plea

agreement, Defendant stipulated to the Government's Sentencing Guidelines calculations and

---

[1] The Court previously addressed the facts of this case and only repeats here those facts relevant to the present motion. See United States v. Rogers, No. 16-cr-00530, 2024 WL 866172 (E.D.N.Y. Feb. 28, 2024).

[2] At the time of Defendant's guilty plea, the criminal case was assigned to the Honorable Joseph F. Bianco, then a United States District Judge for the Eastern District of New York. Prior to sentencing, and upon Judge Bianco's elevation to the United States Court of Appeals for the Second Circuit, the case was reassigned to the Honorable Denis R. Hurley, United States District Judge for the Eastern District of New York.

agreed not to appeal or otherwise collaterally attack his conviction and sentence if sentenced to a term of imprisonment of 209 months or less.  (See ECF No. 58, Government's Response Brief in Opposition ("Govt Resp.") at 1–2.)  On November 14, 2019, Judge Hurley sentenced Defendant to an aggregate term of 184 months imprisonment.  (See ECF No. 41.)

Approximately six months later, on May 5, 2020, Defendant submitted a request for a "reduction in sentence" to the Warden of his BOP facility due to concerns about the COVID-19 pandemic.  (ECF No. 50, at 2.)  On May 19, 2020, the Warden denied relief, indicating that Defendant did not provide "extraordinary and compelling reasons" to warrant such relief.  (Id.)  Around May 29, 2020, Defendant appealed the denial of his request and specifically mentioned his history of asthma as a basis for relief.  (See id.)  Around June 1, 2020, Defendant's appeal was denied.  (See id.)

On October 29, 2020, Defendant moved for a sentencing reduction in this Court pursuant to 18 U.S.C. § 3582(c).  (See ECF No. 49.)  The Government opposed Defendant's motion on November 13, 2020, arguing that Defendant (i) could not show "extraordinary and compelling reasons" for relief under 18 U.S.C. § 3582(c)(1)(A)(i) and U.S.S.G § 1B1.13; and that (ii) even if he could, the 18 U.S.C. § 3553(a) factors that warranted the imposition of a 184 month sentence still held true and disfavored any sentencing reduction.  (See ECF No. 50, at 3.)  On December 29, 2020, Judge Hurley denied Defendant's motion for release from custody.  (See ECF No. 55.)  In relevant part, Judge Hurley held that Defendant did not demonstrate "extraordinary and compelling reasons" for his requested sentencing reduction, and even if he had, "consideration of the 3553 (a) factors d[id] not warrant granting his request."  (Id. at 9.)

On November 27, 2023, Petitioner, proceeding pro se, filed the instant motion, requesting that the Court "consider re-sentencing [him] in light of the recent Supreme Court case Lora v.

United States." (See Mot. at 1.). The motion does not articulate a specific basis for the relief he seeks. (See id.) On January 5, 2024, the Government filed a response. (See ECF No. 58.)

On February 28, 2024, the Court issued a Memorandum and Order explaining that the relief Defendant seeks would have to be pursued under 28 U.S.C. § 2255. See United States v. Rogers, No. 16-cr-00530, 2024 WL 866172 at *1 (E.D.N.Y. Feb. 28, 2024). The Court reasoned that, "[a]t bottom, Defendant challenges the imposition of his sentence," and therefore the motion was "properly construed as a habeas petition for relief under 28 U.S.C. § 2255." Id. at *2 (citing Flowers v. Fed. Bureau of Prisons, 2020 WL 5633193, at *2 n.1 (S.D.N.Y. Sept. 21, 2020); Allen v. United States, 2023 WL 7110189, at *2 (Oct. 27, 2023); Adams v. United States, 372 F.3d 132, 134–35 (2d Cir. 2004)). The Court also found that, so construed, Defendant's motion would fail for two reasons: First, "the collateral attack waiver in Defendant's plea agreement would preclude a challenge to his sentence under Lora"; and second, "even absent this waiver, Defendant's claims based on Lora would fail on the merits." Id. at *3. In the Order, the Court granted Defendant thirty days to inform the Court whether he objected to characterizing his motion as a petition brought pursuant to § 2255, or if he instead sought to withdraw his motion. (See id.)

Defendant failed to respond to the Court's Order within the specified time. As a result, on April 23, 2024, the Court issued another Order, granting Defendant an additional thirty days to respond to its February 28, 2024 Order, and warning that if he failed to respond, the Court would construe his motion as a petition brought pursuant to § 2255. (See Order dated Apr. 23, 2024.) To date, Defendant has not responded to either of these orders. Accordingly, the Court construes his motion as a § 2255 petition.

## II.    DISCUSSION

Defendant asks the Court to "modif[y] [his] sentence to run concurrently rather can consecutively." (Id.) Construing Defendant's pleadings "liberally and interpret[s] them 'to raise

the strongest arguments they suggest,'" Rahmankulov v. United States, 2023 WL 3303949, at *1 (S.D.N.Y. May 8, 2023) (quoting Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006)) (internal quotation marks and citations omitted), Defendant appears to argue that the superseding Supreme Court precedent of Lora v. United States, 599 U.S. 453, 455 (2023) entitles him to backdate the concurrency of his 184-month sentence.  (See id.). In response, the Government argues that the motion should be denied because (1) Defendant expressly waived his right to bring a Section 2255 petition in the plea agreement; and (2) the Supreme Court's decision in Lora is not relevant to Defendant's case and does not provide him with any basis for relief.  (See Govt Resp. at 1–3.)

## A.  Section 2255 Standard

Section 2255 permits a prisoner in custody to move to vacate, set aside, or correct a federal sentence on "the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255(a).  To merit relief under Section 2255 relief, a petitioner must demonstrate "only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'"  United States v. Bokun, 73 F.3d 8, 12 (2d Cir. 1995) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)).  Moreover, to "obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal."  United States v. Frady, 456 U.S. 152, 166 (1982); see also Yick Man Mui v. United States, 614 F.3d 50, 53 (2d Cir. 2010).

In resolving a motion under § 2255, the district court must hold a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); see also Gonzalez v. United States, 722 F.3d 118, 130 (2d Cir. 2013).

"To warrant a hearing, the motion must set forth specific facts supported by competent evidence, raising detailed and controverted issues of fact that, if proved at a hearing, would entitle him to relief." Gonzalez, 722 F.3d at 131.

In this case, the combined submissions of the parties "provide a sufficient basis upon which to deny the [motion], and the Court concludes that a full testimonial evidentiary hearing would not offer any reasonable chance of altering its views on the facts alleged by [Defendant]." United States v. Roderique, 2024 WL 687425, at *3 (S.D.N.Y. Feb. 20, 2024) (citing Chang v. United States, 250 F.3d 79, 86 (2d Cir. 2001)). Therefore, an evidentiary hearing is not necessary to resolve Defendant's motion. See Camacho v. United States, 2018 WL 357312, at *1 n.1 (S.D.N.Y. Jan. 10, 2018) ("[T]he petition raises no factual dispute and can thus be resolved without a Government response and/or hearing.").

For reasons largely detailed in its prior February 28, 2024 Order, the Court finds that the collateral attack waiver in Defendant's plea agreement precludes a challenge to his sentence under Lora, and, in any event, Defendant's claims based on Lora fail on the merits. See Rogers, 2024 WL 866172 at *3–*4. The Court restates and elaborates on its prior reasoning here.

B.     Waiver

"A defendant's knowing and voluntary waiver of the right to appeal or collaterally attack his conviction and/or sentence is [presumptively] enforceable." Sanford v. United States, 841 F.3d 578, 580 (2d Cir. 2016) (citing United States v. Gomez–Perez, 215 F.3d 315, 318 (2d Cir. 2000) (addressing waiver of appellate rights); Tellado v. United States, 745 F.3d 48 (2d Cir. 2014) (addressing collateral attack waiver)). "Such waivers must be enforced because, if they are not, 'the covenant . . . becomes meaningless and would cease to have value as a bargaining chip in the hands of defendants.'" Cook v. United States, 84 F.4th 118, 122 (2d Cir. 2022) (quoting United States v. Yemitan, 70 F.3d 746, 748 (2d Cir. 1995)). Although "plea agreements are to be applied

5

'narrowly' and construed 'strictly against the government,'" United States v. Hernandez, 242 F.3d 110, 113 (2d Cir. 2001) (quoting United States v. Tang, 214 F.3d 365, 368 (2d Cir. 2000)), exceptions to the presumption of the enforceability of a waiver "occupy a very circumscribed area of [the Second Circuit's] jurisprudence." United States v. Borden, 16 F.4th 351, 354–55 (2d Cir. 2021) (internal quotation marks omitted).    The Second Circuit has recognized only five circumstances where it will not enforce a waiver: "(1) where the waiver was not made knowingly, voluntarily, and competently; (2) where the sentence was based on constitutionally impermissible factors, such as ethnic, racial[,] or other prohibited biases; (3) where the government breached the agreement containing the waiver; . . . (4) where the district court failed to enunciate any rationale for the defendant's sentence," United States v. Burden, 860 F.3d 45, 51 (2d Cir. 2017) (internal quotation marks omitted); and (5) where the waiver "was unsupported by consideration," United States v. Lutchman, 910 F.3d 33, 38 (2d Cir. 2018).

The Second Circuit has made clear that collateral-attack waivers are generally enforceable in the face of "evolving judicial precedent." United States v. Morgan, 406 F.3d 135, 137 n.3 (2d Cir. 2005); see also Cook, 84 F.4th at 124. As the Circuit noted nearly two decades ago, and recently reaffirmed in Cook, "the possibility of a favorable change in the law after a plea is simply one of the risks that accompanies pleas and plea agreements." Id. at 137; see also Cook, 84 F.4th at 124. "This principle follows from the fact that plea agreements, like all contracts, allocate risk between the parties—and [courts] are not free to disturb the bargain the parties strike." Cook, 84 F.4th at 124.

The Second Circuit's decision in Sanford—in which the Circuit held that a defendant's waiver of his right to collaterally attack his sentence remained enforceable even where his sentence was based on a Guidelines provision later held to be unconstitutional—reinforces this point about the continuing viability of plea agreements. See 841 F.3d at 580. As in Sanford, this case involves

6

a change in law that, in Defendant's view, governs his sentence. Even assuming that Defendant's sentence was affected by Lora (it is not, as explained below), the Second Circuit has held that "a defendant's inability to foresee a change in the law does not supply a basis for failing to enforce an appeal waiver. On the contrary, the possibility of a favorable change in the law after a plea is simply one of the risks that accompanies pleas and plea agreements." Sanford, 841 F.3d at 580 (cleaned up). "The enforceability of a collateral-attack waiver turns on whether the petitioner's plea was knowing and voluntary, not the nature of any subsequent legal developments." Cook, 84 F.4th at 124.

Accordingly, "[a]t bottom, a waiver of the right to bring a postconviction challenge is presumptively enforceable, even after the legal landscape shifts." Id. at 125. A defendant like James Rogers, "who wishes to maintain his right to collaterally attack his conviction in the event of unforeseen legal developments may, of course, attempt to negotiate more favorable waiver terms with the government before pleading guilty." Id. But where—as here—"the waiver itself is clear, unambiguous, knowingly and voluntarily entered, and supported by consideration—[i.e.,] the [G]overnment's agreement not to pursue charges or arguments that could have resulted in a much higher sentence—the terms of the plea agreements must be enforced." Id.; see, e.g., Lanier v. United States, No. 15-cr-537, 2024 WL 1715236 at *3 (S.D.N.Y. Apr. 22, 2024) (enforcing collateral-attack waiver "clearly supported by consideration" despite intervening change in law); United States v. Henriquez, No. 04-cr-0939, 2024 WL 4480109, at *5 (E.D.N.Y. Oct. 10, 2024) (same).

Accordingly, the Court dismisses Defendant's § 2255 petition because his collateral attack waiver is enforceable.

## C.    *Lora* **Claim**

Moreover, even if the collateral attack waiver was not enforceable, Defendant's claim fails on the merits.  The Supreme Court's decision in <u>Lora</u> provides Defendant no relief.  In <u>Lora</u>, the Supreme Court held that 18 U.S.C. § 924(j)—a statutory provision not at issue in this case—"can run either concurrently with or consecutively to another sentence."  599 U.S. 453, 455 (2023).  There, the Court held that a "sentence for a § 924(j) conviction . . . can run either concurrently with or consecutively to another sentence."  <u>Lora</u>, 599 U.S. at 455.  This holding, however, has no bearing on Defendant's claim or sentence.  Section 924(j) defines an aggravated offense where "in the course of a violation of subsection (c)," a defendant "causes the death of a person through the use of a firearm." 18 U.S.C. § 924(j).  But in the present case, Defendant did not cause the death of any gun-point robbery victims, and as such, was neither charged nor convicted under § 924(j).  Accordingly, <u>Lora</u> does not provide Defendant with a basis for re-sentencing.

## III.    CONCLUSION

For the foregoing reasons, the Motion is DENIED.  The Clerk of Court is respectfully directed to mail a copy of this Order to Defendant.[3]

**SO ORDERED.**

Dated:    April 13, 2026
          Central Islip, New York

                                     /s/ JMA
                                  JOAN M. AZRACK
                                  UNITED STATES DISTRICT JUDGE

---

[3] According to the Bureau of Prisons' inmate locator, Petitioner has been transferred to FCI Talladega from USP Coleman I, the facility in which he was held at the time he made his motion.  <u>See</u> Fed. Bureau of Prisons, Find an Inmate, https://www.bop.gov/inmateloc (last visited Apr. 9, 2026).  The Court directs the Clerk of Court to send this decision to Petitioner at his current Facility.